IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., ET AL, | CASE NO. 5:11-02199-EJD |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| MAURICE J. PADEN, ET AL., | [Re: Docket Item No. 17] |
| Defendants. | |

Presently before the Court is Plaintiffs Broadcast Music, Inc., Emi Virgin Songs, Inc. MJ Twelve Music, Paul Simon Music, Emi Blackwood Music, Inc., and Jackaboy Songs's (collectively, "Plaintiffs") Motion for Default Judgment against Defendants Maurice Payden (also known as Maury Paden) and Christine Paden, both individually and doing business as Masse's Billiards Sports Bar and Grill (collectively, "Defendants"). Having reviewed Plaintiffs' pleadings and the applicable legal authorities, the Motion is granted.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Broadcast Music, Inc. ("BMI") is a New York corporation with its principal place of business in New York, New York. Compl. at ¶ 4. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those allegedly infringed. Id. BMI then grants music users, such as owners

---

[1] This disposition is not intended for publication in the official reports.

1
CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

and operators of concert halls and restaurants, the right to publicly perform any of the works in BMI's repertoire through "blanket license agreements." Decl. of Kerri Howland-Kruse at ¶ 2. Operating as a non-profit making music performing rights organization, BMI distributes all of its income, after deducting operating expenses and reasonable reserves, to its affiliated songwriters and music publishers. Id. at ¶ 3.

BMI acquired the public performance rights described above from each of the other Plaintiffs in this action. Id. at ¶ 2. The other Plaintiffs own copyrights in the musical compositions that are the subject of the instant action, but also granted BMI the right to maintain actions for infringement of the public performance rights in their musical compositions and to seek damages for such infringement. Id. at ¶ 4-5.

Defendants operate, maintain and control an establishment in this district known as Masse's Billiards Sports Bar and Grill. Compl. at ¶ 11. Defendants have the right and ability to supervise the activities of the employees and have direct financial interest in the establishment. Id. at ¶ 14-16.

From July 1995 through June 2008, Defendants held a BMI license for the public performance of music in the BMI repertoire at Masse's Billiards Sports Bar and Grill. Decl. Of Paul Knipler at ¶ 3. In May 2004, BMI discovered that Defendants were charging an admission fee and allowing dancing in the establishment, both factors not covered by their current license. Id. at ¶ 4. After numerous attempts to adjust the license to include these two new factors, Christine Paden sent a letter to BMI stating that Defendants would no longer pay licensing fees or use BMI-affiliated music. Id. at ¶ 5.

BMI subsequently sent numerous letters to Defendants reminding them of their obligations and instructing them to cease the public performance of BMI-licensed music. Id. at ¶ 6-10. Despite BMI's efforts, Defendants failed to enter into a new license agreement with BMI and continued to offer unauthorized public performance of BMI-affiliated music. Id. at ¶ 14. At issue in the instant action is the public performance on November 16, 2010 of three songs: "Everlong," "You Can Call Me Al," and "I Wanna Do Bad Things With You a/k/a Bad Things." See Compl. at 7.

The Complaint contains three claims of copyright infringement. Id. at 7-8. Defendants were served with a copy of the Summons, Complaint and related documents in compliance with Federal

Rule of Civil Procedure 4(c) and (e). See Docket Items Nos. 8-10. Maurice Paden and Masse's Billiards Sports Bar and Grill were served on May 11, 2011, and Christine Paden was served on May 12, 2011. Id. Despite the extension of time Plaintiffs granted Defendants to file responsive pleadings, no Defendant ever filed or served a responsive pleading. Decl. of Karen S. Frank at ¶ 6; Exhibits 4-5.

Pursuant to Plaintiffs' request, the clerk entered default against Defendants on August 5, 2011. See Docket No. 16. This motion followed on August 18, 2011. See Docket No. 17. A hearing on the motion was held on October 7, 2011. Defendants failed to appear. See Docket No. 22.

## II.  DISCUSSION

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

### B.  Jurisdiction

Courts have an affirmative duty to examine their own jurisdiction—both subject matter jurisdiction and personal jurisdiction—when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). The court does so below.

### 1. Subject Matter Jurisdiction

District courts have original jurisdiction to hear any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. 28 U.S.C. § 1338(a). Here, the action arises under the United States Copyright Act of Congress. Compl. ¶ 6. This court may therefore exercise subject matter jurisdiction over this action.

### 2. Personal Jurisdiction

As the party seeking to invoke the court's jurisdiction, Plaintiffs must bear the burden of establishing personal jurisdiction over Defendants. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Plaintiffs contend that Masse's Billiards Sports Bar and Grill is located at 2721 N. Main Street, Walnut Creek, California, an address within this District. Compl. ¶ 11. Furthermore, Plaintiffs allege that Defendants operate, maintain, control and do business as Masse's Billiards Sports Bar and Grill. This court therefore has personal jurisdiction over Defendants.

### 3. Service of Process

The court must assess whether the Defendants were properly served with notice of this action. Plaintiff served the Summons and Complaint on Defendants by delivering the documents to Maurice Paden and Christine Paden at the Masse's Sports Bar and Grill. See Docket Item Nos. 8-10. The court finds Plaintiffs effected service of process in conformance with subsections (c) and (e) of Federal Rule of Civil Procedure 4.

## C. The Eitel Factors

Having found the existence of jurisdiction and proper notice, the court now turns to the Eitel factors.

### 1. Prejudice to Plaintiffs

Under the first factor, the court must examine whether Plaintiffs will be prejudiced should the court deny the request for default judgment. Having done so, the court agrees with Plaintiffs that denial of the motion would allow Defendants' alleged infringing conduct to continue undeterred and leave Plaintiff without any recourse or way to recover lost profits. Furthermore denial of the injunctive relief requested will leave Plaintiffs with no means of preventing Defendants from infringing Plaintiffs' rights in the future, especially since these particular individuals have serially

violated Plaintiffs' copyrights since they canceled the original licensing agreement on August 9, 2007. Frank Decl. at ¶ 5. Because failure to grant the Motion would cause substantial harm to Plaintiffs, this factor weighs in favor of entering default judgment.

### 2. Sufficiency of Plaintiffs' Complaint, Likelihood of Success, and Possibility of Factual Dispute

For the second, third and fifth factors, the court must determine whether Plaintiffs' Complaint contains sufficient facts to establish and succeed on its claim.

The complaint contains three claims for copyright infringement in violation of 17 USC § 501. Section 501(a) states that "[a]nyone who violated any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright." In order to state a claim for copyright infringement, plaintiff must show (1) that it owns a valid copyright in the allegedly infringed material, and (2) that defendants violated an exclusive right granted to the copyright owner. Id. "Copyright claims need not be pled with particularity. . . complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules." Perfect 10, Inc. v. Cybernet Ventures, Inc. et al., 167 F. Supp. 2d 1114, 1120 (2001).

Here, Plaintiffs have met their burden to sufficiently plead each of these elements. Taking each in turn, Plaintiffs contend that they own valid copyrights in the allegedly infringed material. Furthermore, Plaintiff asserts that Defendants publicly performed the copyrighted songs without authorization. Plaintiff has pled facts to demonstrate that Defendants violated their exclusive rights as the copyright owner of "Everlong," "You Can Call Me Al," and "I Wanna Do Bad Things With You a/k/a Bad Things." See Docket Item No. 1. Taking the factual allegations of the Complaint as true, Plaintiffs set forth sufficient and specific allegations to support their claims for copyright infringement claims against Defendants.

Additionally, according to the Knipler Declaration submitted in support of this motion, Jennica Janssen ("Janssen") was authorized to visit the establishment and make audio recordings and written reports of the music being publicly performed. Knipler Decl. ¶ 15. According to Janssen's Certified Infringement Report and the BMI Music Researcher Joannah Carr's review of Janssen's

audio recordings, the three compositions identified in the Complaint were performed in Masse's Billiards Sports Bar and Grill on November 16, 2010. Id.; Exhibit E. The second, third and fifth factors, therefore, weigh in favor of entering default judgment against Defendants.

### 3. Sum of Money at Stake

The fourth Eitel factor requires the court to examine the amount of money at stake. According to the motion, Plaintiffs are seeking an injunction, statutory damages, the costs of the action, and reasonable attorneys' fees. Plaintiffs request a statutory damages award of $21,000, which is approximately three times the amount Plaintiffs would have received in licensing fees from Defendants had their establishment been properly licensed. Since the maximum amount is $30,000 per infringement, the requested $7,000 per infringement is reasonable. In addition, considering the experience of counsel, the nature of the case, and the services provided, $11,399.00 is a reasonable amount for attorneys' fees and costs. Thus, the fourth factor also weighs in favor of Plaintiffs' requested default judgment.

### 4. Possibility of Excusable Neglect

The court must examine the possibility that Defendants' default is due to excusable neglect under the sixth Eitel factor. Here, Defendants were each served with notice of this proceeding and, as already noted, did not respond or otherwise appear. There is no evidence, or even suggestion, that their failure to participate is due to anything other than informed inaction. As such, this factor favors entry of default judgment.

### 5. Policy Favoring Decisions on the Merits

The seventh and final Eitel factor requires observation of the policy favoring the determination of cases on their merits rather than through default judgment. Eitel, 782 F.2d at 1472. The court recognizes that default judgments are generally disfavored. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). The Federal Rules of Civil Procedure, however, provide for entry of default in situations such as this: where a decision on the merits is either impracticable or impossible. See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003). Defendants' complete failure to respond in any way renders a decision on the merits both impracticable and impossible. Thus, this factor weighs in favor of default judgment.

6
CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

In sum, all of the factors designated for review under Eitel weigh in favor of entry of default judgment against Defendants.

**D.    Remedies**

Having determined that default judgment may be entered, the court must now determine the appropriate remedy. See 3A Entm't Ltd. v. Constant Entm't, Inc., No. C 08-1274 JW, 2009 WL 248261, at 9-10 (N.D. Cal. Jan 30, 2009).

In general, the owner of a copyright is entitled to recover the actual damages suffered as a result of a copyright infringement in addition to any profits earned by the copyright infringer. 17 U.S.C. § 504(a). In the alternative, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action. Id. at 504(c)(1). Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of the court. Id. at § 504(c); Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984).

Plaintiff here requests a reasonable award of $21,000, constituting an award of $7,000 for each of the three infringements. This figure is approximately three times the amount Plaintiffs would have received in licensing fees from Defendants had their establishments properly been licensed. Knipler Decl. at ¶ 15. Courts have consistently held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under § 504(c). See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229-30 (7th Cir. 1991); Dream Dealers Music v. Parker, 924 F. Supp. 1146, 1153 (S.D. Ga. 1994) (awarding three times what defendant would have paid ASCAP to be licensed). In light of Plaintiffs' repeated notices to Defendants, Plaintiffs' request is a reasonable and appropriate statutory damages award.

In addition, pursuant to 17 U.S.C. § 505, Plaintiffs request an award of costs and reasonable attorneys' fees. As articulated above, in the light of the experience of counsel, the nature of the case, and the services provided, $11,399.00 is a reasonable amount to be awarded by the court.

Finally, in accordance with 17 U.S.C. § 502, Plaintiffs request that the court enjoin Defendants, their agents, servants, employees, and all other persons acting under their authority from infringing in any manner on copyrighted musical compositions licensed by BMI. "The basis for

injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." <u>Lucasfilm Ltd. v. Media Market Gp., Ltd.</u>, 182 F. Supp. 2d 897, 899 (N.D. Cal. 2002) (internal quotations omitted). Here, the court finds that failure to issue a permanent injunction will expose Plaintiffs to continuing irreparable injury. Without such an injunction, Plaintiffs will need to expend further resources to discover and eliminate Defendants' unauthorized public performance of BMI licensed music. Defendants have shown a disregard for the requirement of a licensing agreement by continuing to publicly perform BMI music without a license. Moreover, other legal remedies, such as monetary damages, are inadequate to eliminate the problem described above. Thus, Plaintiffs have shown they are entitled to injunctive relief. <u>See, e.g.</u>, <u>Broadcast Music, Inc. V. Colonial Foods, Inc.</u>, No. 92-4253 DLJ, 1993 WL 87808, at *2 (N.D. Cal. Mar. 17, 1993) (granting similar injunctive relief when Defendants continued to infringe the copyrights of certain musical compositions after repeated notice and requests that they stop and defendants have failed to provided any evidence proving non-infringement).

### III. ORDER

Based on the foregoing:

1. Plaintiffs' Motion for Default Judgment is GRANTED against Defendants Maurice J. Payden (also known as Maury Paden), Christine G. Paden, both individually and doing business as Masse's Billiards Sports Bar and Grill;

2. Defendants, their agents, servants, employees and all persons acting under their permission and authority, are enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502.

3. Plaintiffs shall recover from Defendants Maurice J. Paden a/k/a Maury Paden and Christine G. Paden, both individually and d/b/a Masse's Billiards Sports Bar and Grill, jointly and severally, statutory damages in the amount of $7,000.00 for each of the three musical compositions, for a total of $21,000.00, pursuant to 17 U.S.C. Section 504(c)(1).

4. Plaintiffs shall recover from Defendants Maurice J. Paden a/k/a Maury Paden and Christine G. Paden, both individually and d/b/a Masse's Billiards Sports Bar and Grill, jointly and

severally, full costs in this action, including reasonable attorney's fees in the amount of $11,399 pursuant to 17 U.S.C. Section 505.

5. Plaintiffs shall recover from Defendants Maurice J. Paden a/k/a Maury Paden and Christine G. Paden, both individually and d/b/a Masse's Billiards Sports Bar and Grill, jointly and severally, interest on the full amount of this judgment, from the date of this judgment, pursuant to 28 U.S.C. Section 1961.

**IT IS SO ORDERED.**

Dated: December 14, 2011

EDWARD J. DAVILA
United States District Judge