1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9              SAN JOSE DIVISION

10   BROADCAST MUSIC, INC., ET AL,          CASE NO. 5:11-02199-EJD

11                                          **ORDER GRANTING PLAINTIFFS'**
                 Plaintiffs,                **MOTION FOR DEFAULT JUDGMENT**
12      v.

13    MAURICE J. PADEN, ET AL.,             [Re: Docket Item No. 17]

14
                 Defendants.
15   _____/

16          Presently before the Court is Plaintiffs Broadcast Music, Inc., Emi Virgin Songs, Inc. MJ

17   Twelve Music, Paul Simon Music, Emi Blackwood Music, Inc., and Jackaboy Songs's (collectively,

18   "Plaintiffs") Motion for Default Judgment against Defendants Maurice Payden (also known as

19   Maury Paden) and Christine Paden, both individually and doing business as Masse's Billiards Sports

20   Bar and Grill (collectively, "Defendants").  Having reviewed Plaintiffs' pleadings and the applicable

21   legal authorities, the Motion is granted.[1]

22          **I.    FACTUAL AND PROCEDURAL BACKGROUND**

23          Broadcast Music, Inc. ("BMI") is a New York corporation with its principal place of

24   business in New York, New York.  Compl. at ¶ 4. BMI has been granted the right to license the

25   public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI

26   repertoire"), including those allegedly infringed. Id. BMI then grants music users, such as owners

27

28          [1] This disposition is not intended for publication in the official reports.
                                              1
     CASE NO. 5:11-02199-EJD
     ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

1   and operators of concert halls and restaurants, the right to publicly perform any of the works in

2   BMI's repertoire through "blanket license agreements." Decl. of Kerri Howland-Kruse at ¶ 2.

3   Operating as a non-profit making music performing rights organization, BMI distributes all of its

4   income, after deducting operating expenses and reasonable reserves, to its affiliated songwriters and

5   music publishers. Id. at ¶ 3.

6        BMI acquired the public performance rights described above from each of the other Plaintiffs

7   in this action. Id. at ¶ 2. The other Plaintiffs own copyrights in the musical compositions that are the

8   subject of the instant action, but also granted BMI the right to maintain actions for infringement of

9   the public performance rights in their musical compositions and to seek damages for such

10  infringement. Id. at ¶ 4-5.

11       Defendants operate, maintain and control an establishment in this district known as Masse's

12  Billiards Sports Bar and Grill. Compl. at ¶ 11. Defendants have the right and ability to supervise the

13  activities of the employees and have direct financial interest in the establishment. Id. at ¶ 14-16.

14       From July 1995 through June 2008, Defendants held a BMI license for the public

15  performance of music in the BMI repertoire at Masse's Billiards Sports Bar and Grill.  Decl. Of Paul

16  Knipler at ¶ 3. In May 2004, BMI discovered that Defendants were charging an admission fee and

17  allowing dancing in the establishment, both factors not covered by their current license. Id. at ¶ 4.

18  After numerous attempts to adjust the license to include these two new factors, Christine Paden sent

19  a letter to BMI stating that Defendants would no longer pay licensing fees or use BMI-affiliated

20  music. Id. at ¶ 5.

21       BMI subsequently sent numerous letters to Defendants reminding them of their obligations

22  and instructing them to cease the public performance of BMI-licensed music. Id. at ¶ 6-10.  Despite

23  BMI's efforts, Defendants failed to enter into a new license agreement with BMI and continued to

24  offer unauthorized public performance of BMI-affiliated music. Id. at ¶ 14.  At issue in the instant

25  action is the public performance on November 16, 2010 of three songs: "Everlong," "You Can Call

26  Me Al," and "I Wanna Do Bad Things With You a/k/a Bad Things."  See Compl. at 7.

27       The Complaint contains three claims of copyright infringement. Id. at 7-8. Defendants were

28  served with a copy of the Summons, Complaint and related documents in compliance with Federal

2

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

1   Rule of Civil Procedure 4(c) and (e). See Docket Items Nos. 8-10.  Maurice Paden and Masse's

2   Billiards Sports Bar and Grill were served on May 11, 2011, and Christine Paden was served on

3   May 12, 2011. Id. Despite the extension of time Plaintiffs granted Defendants to file responsive

4   pleadings, no Defendant ever filed or served a responsive pleading. Decl. of Karen S. Frank at ¶ 6;

5   Exhibits 4-5.

6          Pursuant to Plaintiffs' request, the clerk entered default against Defendants on August 5,

7   2011. See Docket No. 16. This motion followed on August 18, 2011. See Docket No. 17. A hearing

8   on the motion was held on October 7, 2011. Defendants failed to appear. See Docket No. 22.

9                                    **II.    DISCUSSION**

10  **A.      Legal Standard**

11         Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment

12  against a defendant who has failed to plead or otherwise defend an action.  "The district court's

13  decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d

14  1089, 1092 (9th Cir. 1980).  The Ninth Circuit has provided seven factors for consideration by the

15  district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to

16  the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)

17  the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6)

18  whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules

19  of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th

20  Cir. 1986).  When assessing these factors, all factual allegations in the complaint are taken as true,

21  except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th

22  Cir. 1987).

23  **B.      Jurisdiction**

24         Courts have an affirmative duty to examine their own jurisdiction—both subject matter

25  jurisdiction and personal jurisdiction—when entry of judgment is sought against a party in default.

26  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).  The court does so below.

27

28

3

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

### 1.     Subject Matter Jurisdiction

District courts have original jurisdiction to hear any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. 28 U.S.C. § 1338(a).  Here, the action arises under the United States Copyright Act of Congress.  Compl. ¶ 6. This court may therefore exercise subject matter jurisdiction over this action.

### 2.     Personal Jurisdiction

As the party seeking to invoke the court 's jurisdiction, Plaintiffs must bear the burden of establishing personal jurisdiction over Defendants.  See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Plaintiffs contend that Masse's Billiards Sports Bar and Grill is located at 2721 N. Main Street, Walnut Creek, California, an address within this District. Compl. ¶ 11.  Furthermore, Plaintiffs allege that Defendants operate, maintain, control and do business as Masse's Billiards Sports Bar and Grill. This court therefore has personal jurisdiction over Defendants.

### 3.     Service of Process

The court must assess whether the Defendants were properly served with notice of this action.  Plaintiff served the Summons and Complaint on Defendants by delivering the documents to Maurice Paden and Christine Paden at the Masse's Sports Bar and Grill.  See Docket Item Nos. 8- 10.  The court finds Plaintiffs effected service of process in conformance with subsections (c) and (e) of Federal Rule of Civil Procedure 4.

## C.     The Eitel Factors

Having found the existence of jurisdiction and proper notice, the court now turns to the Eitel factors.

### 1.     Prejudice to Plaintiffs

Under the first factor, the court must examine whether Plaintiffs will be prejudiced should the court deny the request for default judgment.  Having done so, the court agrees with Plaintiffs that denial of the motion would allow Defendants' alleged infringing conduct to continue undeterred and leave Plaintiff without any recourse or way to recover lost profits.  Furthermore denial of the injunctive relief requested will leave Plaintiffs with no means of preventing Defendants from infringing Plaintiffs' rights in the future, especially since these particular individuals have serially

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

1  violated Plaintiffs' copyrights since they canceled the original licensing agreement on August 9,

2  2007.  Frank Decl. at ¶ 5.  Because failure to grant the Motion would cause substantial harm to

3  Plaintiffs, this factor weighs in favor of entering default judgment.

4        **2.     Sufficiency of Plaintiffs' Complaint, Likelihood of Success, and**

5              **Possibility of Factual Dispute**

6        For the second, third and fifth factors, the court must determine whether Plaintiffs'

7  Complaint contains sufficient facts to establish and succeed on its claim.

8        The complaint contains three claims for copyright infringement in violation of 17 USC §

9  501.  Section 501(a) states that "[a]nyone who violated any of the exclusive  rights of the copyright

10 owner as provided by sections 106 through 122 . . . is an infringer of the copyright." In order to state

11 a claim for copyright infringement, plaintiff must show (1) that it owns a valid copyright in the

12 allegedly infringed material, and (2) that defendants violated an exclusive right granted to the

13 copyright owner.  Id. "Copyright claims need not be pled with particularity. . . complaints simply

14 alleging present ownership by plaintiff, registration in compliance with the applicable statute and

15 infringement by defendant have been held sufficient under the rules."  Perfect 10, Inc. v. Cybernet

16 Ventures, Inc. et al., 167 F. Supp. 2d 1114, 1120 (2001).

17       Here, Plaintiffs have met their burden to sufficiently plead each of these elements.  Taking

18 each in turn, Plaintiffs contend that they own valid copyrights in the allegedly infringed material.

19 Furthermore, Plaintiff asserts that Defendants publicly performed the copyrighted songs without

20 authorization.  Plaintiff has pled facts to demonstrate that Defendants violated their exclusive rights

21 as the copyright owner of  "Everlong," "You Can Call Me Al," and "I Wanna Do Bad Things With

22 You a/k/a Bad Things."  See Docket Item No. 1.  Taking the factual allegations of the Complaint as

23 true, Plaintiffs set forth sufficient and specific allegations to support their claims for copyright

24 infringement claims against Defendants.

25       Additionally, according to the Knipler Declaration submitted in support of this motion,

26 Jennica Janssen ("Janssen") was authorized to visit the establishment and make audio recordings and

27 written reports of the music being publicly performed. Knipler Decl. ¶ 15. According to Janssen's

28 Certified Infringement Report and the BMI Music Researcher Joannah Carr's review of Janssen's

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

1    audio recordings, the three compositions identified in the Complaint were performed in Masse's

2    Billiards Sports Bar and Grill on November 16, 2010. Id.; Exhibit E. The second, third and fifth

3    factors, therefore, weigh in favor of entering default judgment against Defendants.

4               **3.       Sum of Money at Stake**

5         The fourth Eitel factor requires the court to examine the amount of money at stake.

6    According to the motion, Plaintiffs are seeking an injunction, statutory damages, the costs of the

7    action, and reasonable attorneys' fees.  Plaintiffs request a statutory damages award of $21,000,

8    which is approximately three times the amount Plaintiffs would have received in licensing fees from

9    Defendants had their establishment been properly licensed.  Since the maximum amount is $30,000

10   per infringement, the requested $7,000 per infringement is reasonable. In addition, considering the

11   experience of counsel, the nature of the case, and the services provided, $11,399.00 is a reasonable

12   amount for attorneys' fees and costs.  Thus, the fourth factor also weighs in favor of Plaintiffs'

13   requested default judgment.

14              **4.       Possibility of Excusable Neglect**

15        The court must examine the possibility that Defendants' default is due to excusable neglect

16   under the sixth Eitel factor.  Here, Defendants were each served with notice of this proceeding and,

17   as already noted, did not respond or otherwise appear.  There is no evidence, or even suggestion, that

18   their failure to participate is due to anything other than informed inaction.  As such, this factor

19   favors entry of default judgment.

20              **5.       Policy Favoring Decisions on the Merits**

21        The seventh and final Eitel factor requires observation of the policy favoring the

22   determination of cases on their merits rather than through default judgment.  Eitel, 782 F.2d at 1472.

23   The court recognizes that default judgments are generally disfavored.  See Pena v. Seguros La

24   Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).  The Federal Rules of Civil Procedure, however,

25   provide for entry of default in situations such as this: where a decision on the merits is either

26   impracticable or impossible.  See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494,

27   501 (C.D. Cal. 2003).  Defendants' complete failure to respond in any way renders a decision on the

28   merits both impracticable and impossible.  Thus, this factor weighs in favor of default judgment.

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

1    In sum, all of the factors designated for review under Eitel weigh in favor of entry of default

2  judgment against Defendants.

3    **D.    Remedies**

4    Having determined that default judgment may be entered, the court must now determine the

5  appropriate remedy.  See 3A Entm't Ltd. v. Constant Entm't, Inc., No. C 08-1274 JW, 2009 WL

6  248261, at 9-10 (N.D. Cal. Jan 30, 2009).

7    In general, the owner of a copyright is entitled to recover the actual damages suffered as a

8  result of a copyright infringement in addition to any profits earned by the copyright infringer. 17

9  U.S.C. § 504(a).  In the alternative, the copyright owner may elect, at any time before final judgment

10  is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all

11  infringements involved in the action.  Id. at 504(c)(1).  Within the limits of $750 and $30,000 per

12  infringement, the amount of any statutory damages award is within the discretion of the court.  Id. at

13  § 504(c); Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984).

14    Plaintiff here requests a reasonable award of $21,000, constituting an award of $7,000 for

15  each of the three infringements.  This figure is approximately three times the amount Plaintiffs

16  would have received in licensing fees from Defendants had their establishments properly been

17  licensed.  Knipler Decl. at ¶ 15.  Courts have consistently held that a statutory damages award three

18  times the amount that the plaintiff would have received in licensing fees is appropriate under §

19  504(c).  See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229-30 (7th Cir. 1991); Dream

20  Dealers Music v. Parker, 924 F. Supp. 1146, 1153 (S.D. Ga. 1994) (awarding three times what

21  defendant would have paid ASCAP to be licensed). In light of Plaintiffs' repeated notices to

22  Defendants, Plaintiffs' request is a reasonable and appropriate statutory damages award.

23    In addition, pursuant to 17 U.S.C. § 505, Plaintiffs request an award of costs and reasonable

24  attorneys' fees.  As articulated above, in the light of the experience of counsel, the nature of the case,

25  and the services provided, $11,399.00 is a reasonable amount to be awarded by the court.

26    Finally, in accordance with 17 U.S.C. § 502, Plaintiffs request that the court enjoin

27  Defendants, their agents, servants, employees, and all other persons acting under their authority from

28  infringing in any manner on copyrighted musical compositions licensed by BMI. "The basis for

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

1  injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal

2  remedies." Lucasfilm Ltd. v. Media Market Gp., Ltd., 182 F. Supp. 2d 897, 899 (N.D. Cal. 2002)

3  (internal quotations omitted). Here, the court finds that failure to issue a permanent injunction will

4  expose Plaintiffs to continuing irreparable injury.  Without such an injunction, Plaintiffs will need to

5  expend further resources to discover and eliminate Defendants' unauthorized public performance of

6  BMI licensed music.  Defendants have shown a disregard for the requirement of a licensing

7  agreement by continuing to publicly perform BMI music without a license.  Moreover, other legal

8  remedies, such as monetary damages, are inadequate to eliminate the problem described above.

9  Thus, Plaintiffs have shown they are entitled to injunctive relief. See, e.g., Broadcast Music, Inc. V.

10  Colonial Foods, Inc., No. 92-4253 DLJ, 1993 WL 87808, at *2 (N.D. Cal. Mar. 17, 1993) (granting

11  similar injunctive relief when Defendants continued to infringe the copyrights of certain musical

12  compositions after repeated notice and requests that they stop and defendants have failed to provided

13  any evidence proving non-infringement).

14  **III.   ORDER**

15      Based on the foregoing:

16      1. Plaintiffs' Motion for Default Judgment is GRANTED against Defendants Maurice J.

17  Payden (also known as Maury Paden), Christine G. Paden, both individually and doing business as

18  Masse's Billiards Sports Bar and Grill;

19      2. Defendants, their agents, servants, employees and all persons acting under their permission

20  and authority, are enjoined and restrained from infringing, in any manner, the copyrighted musical

21  compositions licensed by BMI, pursuant to 17 U.S.C. Section 502.

22      3. Plaintiffs shall recover from Defendants Maurice J. Paden a/k/a Maury Paden and

23  Christine G. Paden, both individually and d/b/a Masse's Billiards Sports Bar and Grill, jointly and

24  severally, statutory damages in the amount of $7,000.00 for each of the three musical compositions,

25  for a total of $21,000.00, pursuant to 17 U.S.C. Section 504(c)(1).

26      4. Plaintiffs shall recover from Defendants Maurice J. Paden a/k/a Maury Paden and

27  Christine G. Paden, both individually and d/b/a Masse's Billiards Sports Bar and Grill, jointly and

28

8

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

1  severally, full costs in this action, including reasonable attorney's fees in the amount of $11,399

2  pursuant to 17 U.S.C. Section 505.

3         5. Plaintiffs shall recover from Defendants Maurice J. Paden a/k/a Maury Paden and

4  Christine G. Paden, both individually and d/b/a Masse's Billiards Sports Bar and Grill, jointly and

5  severally, interest on the full amount of this judgment, from the date of this judgment, pursuant to 28

6  U.S.C. Section 1961.

7         **IT IS SO ORDERED.**

8  Dated:  December 14, 2011

                                                        EDWARD J. DAVILA
9                                                       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 5:11-02199-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT